IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY TRAINOR, # B-51552,
MICHAEL TURNER, # K-51650,
and KEVEREZ TANZY, # B-76690,

Plaintiffs,

v.  No. 3:17-cv-00627-DRH

LARRY GEBKE,
ROBERT C. MUELLER,
MONICA CHRISTIANSON,
and OFFICER ROVENSTEIN,

Defendants.

## ORDER and NOTICE OF IMPENDING DISMISSAL

**HERNDON, District Judge:**

This matter is before the Court for a status review. On September 22, 2017, the Court received Co-Plaintiff Keverez Tanzy's signed copy of the Complaint. (Doc. 27). As this document now bears the signatures of all 3 co-Plaintiffs, the Clerk is **DIRECTED** to file this copy of the Complaint (Doc. 27) as the operative Complaint in this action.

Tanzy was also ordered (again) to submit a completed motion for leave to proceed *in forma pauperis* ("IFP"), and to provide a copy of his prisoner trust fund statement from Centralia Correctional Center, for the period from Dec. 14, 2016 - June 14, 2017 (representing the 6-month period before this joint action was filed). (Doc. 24). This was the third time that Tanzy was notified of the requirement to provide his trust fund statement. The Clerk advised him via letter

dated June 14, 2017, mailed when the case was opened (Doc. 4). The notice was repeated in this Court's order dated July 20, 2017 (Doc. 13).

In response to the order at Doc. 24, Tanzy returned another motion for leave to proceed IFP (Doc. 28), which, like his previous IFP motions (Docs. 6 & 25), shows that Tanzy presently has no source of income. However, Tanzy failed to provide the prisoner trust fund statement as ordered, and did not include any explanation of his failure to include the statement or describe any efforts he may have made to obtain it. The statement should be readily available from the Centralia Trust Fund Officer.

Under the Prisoner Litigation Reform Act ("PLRA"), because Tanzy was a prisoner at the time this action was filed, he is required to submit a certified copy of his prisoner trust fund account information so that the Court may determine whether he is entitled to proceed IFP, and if so, set the amount of his initial partial filing fee payment. *See* 28 U.S.C. § 1915(a)(2); (b)(1).

If Tanzy fails to submit the trust fund statement, he is subject to dismissal from this action for failure to comply with an order of this Court. *See* FED. R. CIV. P. 41(b).

## **DISPOSITION AND NOTICE OF IMPENDING DISMISSAL**

**IT IS HEREBY ORDERED** that **KEVEREZ TANZY** shall submit, within 21 days of this order (on or before October 16, 2017), a certified copy of his prisoner trust fund statement covering the dates from Dec. 14, 2016 – June 14, 2017. The

statement shall be mailed to the United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201.

To enable Tanzy to comply with this Order, the **CLERK** is **DIRECTED** to mail him another blank form Certification of trust fund statement, to be completed by the prison trust fund officer.

Failure to comply with this Order **will result in co-Plaintiff Tanzy's DISMISSAL** from this action under Federal Rule of Civil Procedure 41(b), for failure to comply with an order of this Court. If Tanzy is dismissed from the action, his filing fee shall remain due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this order to plaintiffs Trainor, Turner, and Tanzy.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.25 16:47:06 -05'00'

**UNITED STATES DISTRICT JUDGE**