IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY TRAINOR, et al.,

    Plaintiffs,

v.                                                No. 17-cv-627-DRH-DGW

LARRY GEBKE, et al.,

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Donald G. Wilkerson on January 22, 2018 (doc. 45). The Report recommends that the Court deny plaintiffs' Motion for Class Certification (doc. 35). Here, only plaintiff Michael Turner ("Turner") filed an objection to the Report[1] (doc. 46). Based on the pleadings and the applicable law, the Court adopts the Report and denies the motion for class certification.

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[1] Turner also appears to have filed objections to Magistrate Judge Wilkerson's January 19, 2018 Order (doc. 44) denying plaintiffs' motion to issue an order allowing Turner and plaintiff Corey Trainor ("Trainor") to correspond with one another for legal purposes relating to the case (doc. 41). Turner's current objections to the Report regarding plaintiffs' motion for class certification is not the appropriate avenue to take issue with the January 19th Order. More on this *infra*.

*Id*.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Specifically, Magistrate Judge Wilkerson found that pursuant to the four considerations contained in Federal Rule of Civil Procedure 23(a) regarding class certification, plaintiffs' motion failed on all grounds. Regarding numerosity, Magistrate Judge Wilkerson found that plaintiffs did not describe the class "with any other detail other than to state the proposed class is 'all offenders within the custody of Centralia CC.' which they allege includes 1,500 offenders." Doc. 45, p. 5. Additionally, plaintiffs did not provide how many inmates had been wrongfully denied any publications due to the alleged censorship policy of defendant Gebke. *Id*. In finding no commonality or typicality, Magistrate Judge Wilkerson noted that factual analysis of why each alleged publication was banned would differ

between each publication; and plaintiffs did not provide allegations that the materials they were denied "were similarly denied to other inmates." *Id*. at 6. As to typicality, Magistrate Judge Wilkerson found "no evidence before the court as to how many of the alleged 1,500 inmates at Centralia requested and were denied materials based on the race or ethnicity of the author or subjects of the materials" making the Court unable to find that plaintiffs' claims would be typical of those of the class. *Id*. Finally, as to adequacy, Magistrate Judge Wilkerson held that based on the evidence, it was not certain plaintiffs "would have any incentive to vigorously advocate for those materials they were not themselves denied." *Id*. at 7. And, the Seventh Circuit has held that it is not an abuse of discretion to deny a motion for class certification as a pro se litigant is not adequate class representation. *Id.*

Plaintiff Turner filed objections to the Report.[2] On February 9, 2018, Turner filed a mere three page (including 1.5 pages objecting to the January 19, 2018 Order) objection/response to the magistrate's recommendation of denying plaintiffs' motion for class certification (doc. 46).[3] The Court will first look at Turner's erroneously placed response to the January 19, 2018 Order (doc. 44), denying plaintiffs' motion to issue an order allowing one another to correspond for purposes relating to their case.

---

[2] The Court notes that Turner did not object to the Report's recitation of the facts of the history of the case. Thus, the Court finds it unnecessary to recite them in this Memorandum and Order.

[3] Turner's objection/response does not contain a single case citation, rule of law, or statue in support.

From the date the non-dispositive January 19th Order was entered, plaintiffs had 14 days in which to file an appeal. SDIL Local Rule 73.1(a) Appeal of Non-Dispositive Matters - 28 U.S.C. § 636(b)(1)(A) ("Any party may appeal a Magistrate Judge's order determining a motion or matter within 14 days after issuance of a Magistrate Judge's order[.]") As Turner's combined objections were filed 21 days later, the response is untimely. Even if the Court were to consider the objections timely, it does so under the "clear error" standard. *Id.* ("A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law."); *see also* Federal Rule of Civil Procedure 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.) A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Here, the undersigned is left with no firm conviction that the magistrate has committed any mistake in law in his denial of plaintiffs' motion for order to correspond with one another. Accordingly, the Court finds no merit in plaintiff Turner's first objection.

Turner's second objection addresses the Report at issue regarding plaintiffs' motion for class certification. In his response, Turner appears to only raise objection to Magistrate Judge Wilkerson's finding concerning the numerosity

inquiry of Federal Rule of Civil Procedure 23(a)(1).[4]  Specifically, Turner argues that "plaintiffs' complaint adequately alleges that they and 'prisoners alike' are being violated by the unconstitutional policies of Defendant Gebke", and that plaintiffs are unable to provide "documents from other offenders' denials of similar publications as prisoners . . . cannot be in possession of other offenders names and identification information."  Doc. 46, p. 3.  Because of this, Tuner seeks a stay allowing time for plaintiffs to obtain documentation on other prisoner's publication denials, the Court assumes to aid in proving that the numerosity requirement has been met.

Federal Rule of Civil Procedure 23(a) requires a Court to consider certain factors when determining whether or not to certify a class.  One of those considerations is whether the "class is so numerous that joinder of all members is impracticable." *Id*.  A plaintiff need not demonstrate the precise size of a potential class, but any proposed class must be sufficiently defined so that it is identifiable to the Court.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  The Court has broad discretion in determining whether a proposed class satisfactorily meets the numerosity requirement.  *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).

Here, plaintiffs provide little in the way of helping the Court define the proposed class of upwards of 1,500 prisoners at Centralia Correctional Center.

---

[4] As such, the Court will only review *de novo* Magistrate Judge Wilkerson's Conclusions of Law relating to the numerosity consideration.  *See* 28 U.S.C. § 636(b)(1)(C).

In the only support of his objection, Turner directs the undersigned to certain portions of the Complaint (doc. 1). Specifically, paragraph 36 stating:

> Plaintiff and prisoners alike, publications that are denied by Defendant Gebke did not depict, describe, or encourage activities which may lead to the use of physical/sexual violence or group disturbances or otherwise present a threat to the security, order or rehabilitative objectives of the correctional system of the safety of any person.

And paragraph 40, stating:

> At no time did the defendant ever produce for inspection to its offenders at Centralia C.C. a memorandum alerting them or such banned publications, and to this day has not produced a memorandum of banned publications.

Despite these allegations, there is no evidence presented that allows the Court to determine <u>how many</u> inmates have been denied publications. Plaintiffs complain of censored publications for a variety of reasons including violence, sexual conduct, and improper racial or cultural biases towards African-Americans, yet provide no data as to how many inmates have suffered, let alone how many have suffered each category of censorship. The Court also notes that Turner's request for a stay to attempt to gather documents proving similar censorship methods only demonstrates that, at the very least, the motion for class certification is premature as plaintiffs are unaware of how many other inmates, if any, suffered from the same type of denial by defendant Gebke. "[A] class can be certified without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit." *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*, 747 F.3d 489, 492 (7th Cir. 2014). Here, after reviewing the record, the Court concludes,

as Magistrate Judge Wilkerson concluded, that based on the evidence presented, it is not reasonable to believe the numerosity requirement has been met. And if the proposed class fails to meet any of the four class requirements of Federal Rule of Civil Procedure 23, class certification is precluded. *Kress v. CCA of Tennessee, LLC*, 694 F.3d 890, 893 (7th Cir. 2012).

The Court finds that Magistrate Wilkerson's January 22, 2018 Report denying plaintiffs' motion for class certification is well written and clearly sets out the reasons for his recommendation. Accordingly, the Court **ADOPTS** the Report in its entirety, including its Findings of Fact and Conclusions of Law (doc.45). Thus, the Court **DENIES** the motion for class certification (doc. 35).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.09
13:32:24 -06'00'

**United States District Court Judge**