# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COREY TRAINOR,**

    Plaintiff,

**MICHAEL TURNER,**

    Plaintiff,

v.                                         No. 17-cv-627-DRH-DGW

**LARRY GEBKE and ROBERT C. MUELLER,**

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is a Report and Recommendation ("the Report") issued *sua sponte* by Magistrate Judge Donald G. Wilkerson on August 20, 2018 (doc. 56). The Report recommends that for case management purposes, plaintiff Turner's First Amendment claim against defendants for rejecting his magazine in August 2016, be severed into a separate action from Plaintiff Trainor. Judge Wilkerson recommends severance as although both plaintiff Turner and plaintiff Trainor allege violations of their First Amendment rights by having various reading material denied, the type/content of the materials differ significantly, as well as the reasons for their denials.[1] Further, the timespan between the denials elapses one whole year, so the "circumstances under which each Plaintiff was denied the requested materials is factually different." Doc. 56 at 5. Accordingly,

---

[1] Plaintiff Trainor alleges denial of his publications based on race-based bias, whereas plaintiff Turner's football magazine was denied by defendants as it could aid in gambling.

Judge Wilkerson found that plaintiffs have not satisfied the criteria of permissive joinder under Federal Rule of Civil Procedure 20 and the two claims should be severed.

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id.*

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service the Report. To date, none of the parties filed objections. The period in which to file objections

has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review. Thomas v. Arn, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (doc. 56) in its entirety based on the analysis conducted by Magistrate Judge Wilkerson and laid out briefly above. The Court **DIRECTS the Clerk of Court** to **SEVER** plaintiff Turner's claim into a separate action.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.18
16:14:52 -05'00'

**United States District Court Judge**